UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HOPE NELSON | : | CIVIL ACTION NO.: _____ |
| | : | |
| VERSUS | : | JUDGE:_____ |
| | : | |
| WONDER CUTS, JAMES R. TURNLEY, JR., AND ABC INSURANCE COMPANY | : : | MAGISTRATE JUDGE |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff HOPE NELSON a person of full age of majority and domiciled in the Parish of Ascension, State of Louisiana, who respectfully represents the following:

1.

Made defendants herein are

A.  WONDER CUTS, LLC a domestic Louisiana Liability Company doing business in the Parish of East Baton Rouge, State of Louisiana, domiciled in the Parish of East Baton Rouge, State of Louisiana;

B.  JAMES R. TURNLEY, JR., a person of full age of majority and domiciled in the Parish of East Baton Rouge, State of Louisiana; and

C.  ABC INSURANCE COMPANY, a foreign or domestic insurer doing business in the State of Louisiana.

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 in that the causes of action outlined herein arise under the Constitution and laws of the United States, non-exclusively, Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981(a).

3.

This Court has Supplemental Jurisdiction over all Plaintiff's Louisiana State Law claims pursuant to 28 U.S.C. § 1367(a) in that the State Law claims are so related to the Original Jurisdiction claims under Title VII that they form part of the same case or controversy.

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (2) and (3) in that the events in violation of law occurred in East Baton Rouge Parish, State of Louisiana and the Defendants principal place of business is in East Baton Rouge Parish, State of Louisiana within the jurisdiction of the United States District Court, Middle District of Louisiana.

5.

Upon information and belief Defendant ABC Insurance Company is a foreign corporation authorized to do and doing business in the State of Louisiana, and at all times pertinent hereto had in full force and effect a policy of liability insurance covering defendant, Wonder Cuts, LLC.

6.

Plaintiff received her right to sue letter from the Equal Employment Opportunity Commission thereby satisfying her administrative remedies according to law.  (See  attached Exhibit 1).

7.

Defendant is indebted unto plaintiff for all sums as are reasonable under the premises, including but not limited to compensatory damages, special damages, punitive damages, attorney's fees, costs, with interest thereon from the date of judicial demand until paid pursuant to Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981(a), La. R.S. 23:303, et.seq. and applicable Louisiana State Law torts.

8.

Plaintiff Nelson was hired on November 8, 2011 by Wonder Cuts, LLC as a hairstylist. At the time Ms. Nelson was hired, she informed the owner, Defendant James Turnely, Jr., that she had a surgery (possible biopsy) for suspected breast cancer and follow up appointment already scheduled for November 28, 2011 and December 7, 2011. Defendant, James Turnley, Jr., asked which salon would be closest for Ms. Nelson to work and what days would she need to take off for doctor's appointments and surgeries. Plaintiff Nelson advised Mr. Turnley, Jr., of the surgery date and follow up appointment with The Woman's Clinic as well as provided Mr. Turnley with copies of her medical records. Mr. Turnley advised plaintiff "no problem" and hired Ms. Nelson. Less than twelve (12) hours before Plaintiff Nelson's surgery, Mr. Turnley inquired why Ms. Nelson had scheduled off for November 28, 2011 and December 7, 2011. Ms. Nelson reminded him these were the appointments with The Woman's Clinic that she had cleared with him on the date he hired her. Ms. Nelson had also cleared the dates with her manager. Defendant Turnley then told Ms. Nelson "If you value your job you would cancel and reschedule your doctor's appointments." Ms. Nelson was informed by her doctor that the next available appointment would not be until January 2012 but would have to start the process over. Ms. Nelson rescheduled her appointment for January 6, 2012 and was told she would receive a date for her surgery at that appointment. Ms. Nelson advised Defendant Turnley and her manager of her appointment on January 6, 2012. On January 6, 2012, Ms. Nelson went to her appointment at The Woman's Clinic and received a new surgery date of January 23, 2012. While leaving her appointment, she received a phone call from a co-worker who told her that Defendant James Turnley said to come get her things that she was fired for not coming to work. Because of the "missed appointments" Ms. Nelson's health issues have become worse and her cancer has progressed.

9.

Upon information and belief Defendant James R. Tunrley, Jr. video'd Ms. Nelson and other female employees for his own sexual gratification. Defendant Turnley sexually harassed Ms. Nelson and her co-workers on a continuous basis by making lewd and suggestive comments and asking them out on personal dates with him. Mr. Turnley would touch plaintiff in a sexually suggestive manner. When Plaintiff bent over to pick up trash off the ground, Defendant Turnley commented I want to see you do more of that.

10.

Plaintiff Nelson believes that she has been harassed and discriminated against because of her sex and sexually harassed by Defendant, James Turnley, Jr. In addition, Ms. Nelson believes she has been retaliated against for refusing the sexual advances of her boss/supervisor. This behavior by Defendant, James Turnley, Jr. caused Plaintiff Nelson's cancer to progress and she was not able to work and was under doctors care.

11.

Defendant Wonder Cuts willfully and knowingly allowed a permissive and encouraging environment for sex discrimination and sexual harassment to exist and knew or should have known that James Turnley, Jr., as owner was sexually harassing employees and yet failed to take action to prevent plaintiff's damages.

12.

Plaintiff Nelson was singled out and intentionally discriminated against by the defendants because of her sex in violation of La. R.S. 23:302 et. seq. and Title 23 § 332(A)(1) et. Seq. Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq., 42 U.S.C. § 1981(a) and was ultimately terminated.

13.

Plaintiff Nelson was singled out and intentionally discriminated against and ultimately terminated because of her breast cancer in direct violation of The Americans With Disabilities Act 42 U.S.C. § 12101 et. seq. Plaintiff was diagnosed with breast cancer before hire, she made the Defendants aware of her disability, requested a reasonable accommodation to attend treatment and was denied the accommodation and terminated in retaliation for asserting her rights under the Americans with Disabilities Act.

14.

The instances of harassment outlined herein created an extreme hostile work environment based on sex and caused Plaintiff Nelson extreme emotional distress.

15.

Additionally, Plaintiff has suffered intentional infliction of emotional distress by defendants and their employees, owners and managers on a continuing basis constituting a continuing intentional tort.

16.

Plaintiff received no training on discrimination and harassment in the work place and to plaintiff's knowledge, neither did management.

17.

Due the acts of the defendants outlined herein, Plaintiff suffered and continues to suffer:

A.	Conscious pain and suffering;

B.	Physical injury;

C.	Great mental distress;

D.	Humiliation;

    E.    Emotional distress;

    F.    Loss of income and employment;

    G.    Loss of employability;

    H.    Loss of benefits;

    I.    Loss of wages, past, present and future;

    J.    Loss of anticipated wages which would have resulted from promotion;

    K.    Loss of promotion;

    L.    Defamation;

    M.    Loss of employability;

    N.    Medical expenses;

    O.    Punitive Damages;

    P.    Attorneys fees;

    Q.    Costs;

    R.    Interest on damages;

    S.    Interest on attorney's fees'

    T.    Other losses and injuries which will be shown at trial on the merits.

18.

Plaintiff is entitled to attorney's fees pursuant to Louisiana Revised Statute Title 23 § 303(A) et. seq., La. R.S. 23 § 967, La. R.S. 23 § 632, Title VII and 42 U.S.C. 2000e-5(g)(2) along with interest on attorneys fees according to law.

19.

Plaintiff is entitled to punitive damages pursuant to Title VII of the civil rights act of 1964, 42 U.S.C. § 2000e, et. seq. and 42 U.S.C. § 1981(a).

20.

The Claims of plaintiff are continuing in nature and as a result relate back to the earliest date of discrimination.

WHEREFORE, Plaintiff HOPE NELSON prays that the Defendants WONDER CUTS, JAMES R. TURNLEY, JR. AND ABC INSURANCE COMPANY be served with a copy of this complaint and be summoned to appear and answer same within the delays provided by law and that after the expiration of all legal delays and due proceedings are had, that there be a judgment rendered herein in favor of plaintiff and against the defendant for such damages as are reasonable in the premises, including but not limited to emotional distress, lost wages, compensatory damages, special damages, punitive damages and attorney's fees together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings and any other relief justice and equity demand.

Respectfully submitted by:

*/s/Jean-Paul Robert*
Jean-Paul Robert, Bar # 27628
Attorney at Law, L.L.C.
2315 S. Burnside Ave.
Gonzales, LA 70737
Tel:  (225) 647-9200
Fax: (225) 647-9300