UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HOPE NELSON

VERSUS

WONDER CUTS, ET AL

CIVIL ACTION

NO. 13-458-SDD-SCR

## RULING & ORDER OF DISMISSAL

Local Rule 7.4 of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion.

The rule provides as follows:

LR 7.4   Response and Memorandum

> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

In the present case, a *Motion to Dismiss With Prejudice Pursuant to Rule 37*[1] was filed by the Defendants, JETT, Inc., d/b/a Wonder Cuts and James R. Turnley, Jr. The certificate of service verifies that a copy of the pleading was filed electronically with the Clerk of Court using the CM/ECF system and also sent to Plaintiff, Hope Nelson, via certified mail on July 24, 2014. Plaintiff's counsel moved to withdraw, and this motion was granted by the Court on July 17, 2014; thus, Plaintiff was representing herself *pro se* at the

---

[1] Rec. Doc. No. 17.

time this motion was filed. Plaintiff was required to file an opposition to this motion on or before August 14, 2014. New counsel enrolled for Plaintiff on August 12, 2014.[2] The record reflects that no memorandum in opposition to the motion has been submitted by the Plaintiff and no requests for extensions of time have been made.

Accordingly, this motion is deemed to be unopposed and, further, after reviewing the record, the Court finds that the motion has merit for several reasons. First, despite Plaintiff's current counsel having enrolled two days prior to the response deadline to this motion, he failed to move for an extension of time to respond. It cannot be argued that counsel was not aware of the previous motions and rulings in this matter because, on the same date that he enrolled, he filed a *Motion for Leave to Seek Reconsideration of Denial of Former Motions to Extend Discovery*.[3] The Defendants opposed this motion on the grounds that the *Motion to Dismiss* was pending and the relief requested by Plaintiff was precluded by previous orders of the Magistrate Judge. Defendants also noted that, in the Magistrate Judge's July 8, 2014 *Ruling*,[4] Plaintiff was ordered to comply with discovery requests and sanctioned $400 in costs, which was ordered to be paid to the Defendants on July 25, 2014. Plaintiff has failed to comply with any of these orders.

The Magistrate Judge denied the *Motion for Reconsideration* in a *Ruling*[5] issued on September 2, 2014, noting that Plaintiff had failed to comply with any orders of the Court's July 8 *Ruling*. In the September 2 *Ruling*, the Magistrate Judge also noted that Plaintiff

---

[2] Rec. Doc. No. 20.

[3] Rec. Doc. No. 19.

[4] Rec. Doc. No. 14.

[5] Rec. Doc. No. 22.

asserted in her affidavit[6] that, through her new counsel, she would be filing an opposition to the Defendants' *Motion to Dismiss* assuming the Court granted counsel's enrollment in the case. In fact, on August 12, 2014 the Plaintiff attested that "she is aware of a Motion to Dismiss having been filed, and, through counsel, she will be filing an opposition unto same"[7]. Plaintiff's counsel notarized the Plaintiff's Verification. Thus, it is clear to the Court that Plaintiff's new counsel had notice of the pending *Motion to Dismiss* at the time of his enrollment, and it was referenced again in the Magistrate Judge's September 2 *Ruling*. No response to the pending motion has ever been filed, no request for an extension of time to respond has been filed, and Plaintiff has utterly failed to comply with the Court's orders in its July 8 *Ruling* without explanation. The record in this case clearly establishes that the Plaintiff has failed to adequately participate in discovery and has repeatedly failed to comply with orders of the Court willfully and in bad faith, and the Defendants have been substantially prejudiced by Plaintiff's conduct. Thus,

IT IS ORDERED that the *Motion to Dismiss With Prejudice Pursuant to Rule 37*[8] by Defendants, JETT, Inc., d/b/a Wonder Cuts and James R. Turnley, Jr., is hereby GRANTED, and this action is hereby DISMISSED with prejudice.

The Defendants seek an award of attorney's fees and expenses incurred in connection with the preparation and filing of this motion as allowed under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure. The Court finds that Defendants are entitled to such an award. However, the Court cannot simply award fees without itemized evidence

---

[6] Rec. Doc. No. 19-2.

[7] Rec. Doc. No. 19-2.

[8] Rec. Doc. No. 17.

in support.⁹ Counsel for the Defendants shall submit to the Court, within 14 days from the date of this *Ruling and Order*, itemized evidence of the reasonable expenses, including attorney's fees, incurred in the filing of this motion.

**IT IS SO ORDERED.**

BATON ROUGE, Louisiana, this __8__ day of September, 2014.

*[signature: Shelly Dick]*

SHELLY D. DICK, DISTRICT JUDGE
**MIDDLE DISTRICT OF LOUISIANA**

---

⁹ *See Dykes v. Maverick Motion Picture Group, L.L.C.*, No. 08-536, 2011 WL 2197637 at *2 (M.D. La. 6/1/11).